**FILED**

NOV - 1 2007
Nov. 1, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# IN THE FEDERAL DISTICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

DUSAN VUCICEVIC MD. JD.    )
RADE PETROVIC    )
               **Plaintiffs,**    )
   **v.**

SHERIFF of LAKE COUNTY, ILLINOIS
JOHN STOKOVIC,  Vice President of
SERBIAN BROTHERS HELP, INC.,    )
               **Defendants.**    )

**07CV6182**
**JUDGE GETTLEMAN**
**MAG.JUDGE DENLOW**

JH

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF

NOW COME the plaintiffs Dusan Vucicevic and Rade Petrovic complaining of the defendants,

Serbian Brothers Help, Inc., an Illinois corporation, John Stokovic, and Sheriff of Lake County

and state as follows:

### GENERAL ALLEGATIONS

1.  The defendant Serbian Brothers Help, Inc. is an Illinois not-for-profit corporation, tax-exempt

by the Internal Revenue Service, doing business in Lake and Cook Counties, Illinois and

throughout United States. Members are of Serbian ethnic stock make overwhelming majority of

members being either naturalized citizens or immigrants of the United States.

2. Defendant John Stokovic is the Vice-President of Serbian Brothers Help, Inc., a member of

the Lake Villa Chapter. Mr Stokovic was a treasurer of the Central Board in the previous two

years, when refused to prepare financial report of the Serbian Brothers Help, Inc for the annual

meeting held in September 2006. Stokovic also refused to file corporation tax return for over a

year, whereas corporation on information and belief incurred tax penalties.

3. On November 8, 2006 Lake Villa Chapter held a meeting where Secretary of the Lake Villa

Board, Mr. Rade Stevanovic questioned John Stokovic why he did not present financial reports

at the annual meeting in September 2006. He also questioned why Stokovic did not send

financial report prior to that meeting to Lake Villa Board, as required by Bylaws. Discussion was

held because at the annual meeting the Central Board was criticized for not summiting financial report and motion was passed to compel the Central Board to submit treasurer's report to local chapters Lake Villa and Chicago after the annual meeting, but those were not submitted to Lake Villa Board even two months after the annual meeting.

4. Stokovic responded that he could not prepare and submit the report when he had found checks made by the former President Reljic in the names of deceased members, while Reljic endorsed those checks and cashed them.

5. At this meeting the entire Board of Lake Villa Chapter present, Dr Vucicevic as their legal advisor was present. After the meeting attorney Vucicevic wrote a request for initiation of disciplinary action against Mr. Stokovic, as Stokovic admitted to have covered up embezzlement of the funds and fraudulent tax reporting, as he has duties in representing an organization is client; Illinois Supreme Court Rules of Professional Conduct 1.13 and Rule 2.1

6. John Stokovic, owns a nursing home in Libertyville , born and raised in the Lake County, has developed connection with sheriff' of Lake County as Stokovic employees deputies to moonlight for Serbian Brothers Inc as security guards, during fundraising social functions.

6. Attorney Vucicevic wrote written complaint against Stokovic asking that disciplinary proceedings against him be initiated by the Lake Villa Chapter, as proper step for initiation of disciplinary proceedings according to Article XIV if SBH Inc Bylaws. The local Board unanimously found a cause to initiate proceedings against Stokovic for failing report to the annual meeting embezzlement of corporate funds by former President. Stokovic did not respond to notice and did not ask for the hearing. Instead he was waiving his notice, two weeks later on a Sunday afternoon when Lake Villa in Vucicevic face saying that he will report him to ARDC. Vucicevic asked him to answer the notice, request hearing and produce checks in to refute his statement if it was erroneous.

7. Rade Petrovic resides in Lake County, Illinois, a member of the Lake Villa Local Chapter and is duly elected President of the Lake Villa Local Chapter of Serbian Brothers Help, Inc. Petrovic in July 2006 invited attorney Vucicevic, also a member of the Lake Villa Chapter and therefore a member of the Serbian Brothers Help, Inc to come to a meeting of the Lake Villa Chapter Board and advise local Lake Villa Board, as Milorad Ignjatovic and Zoran Bobic had informed President of Lake Villa Chapter that Lake Villa Chapter was disbanded by the Central Board. Petrovic also asked Vucicevic to counsel them as to attempts of the Central Board to take over collection of membership dues and to close bank account of the Lake Villa Chapter.

8. Defendant's assertion that Lake Villa Chapter was abolished by the Central Board was refuted by the vote of the Annual Assembly held in September 2006 and in furtherance thereof, President of Lake Villa Chapter Rade Petrovic was elected a member of the Central Board. At the annual meeting in September 2006 Lake Villa Chapter through Dusan Vucicevic objected that Treasurer's report was not presented, moving that detailed report be handed over to Lake Villa and Chicago Chapters as required in the Bylaws. This motion was seconded and passed.

9. Plaintiff Dusan Vucicevic MD, a member of the Serbian Brothers Help Inc., also an attorney admitted to Illinois Bar, who upon invitation by Lake Villa Chapter's President Rade Petrovic accepted to advise Lake Villa Board in the matter of repeated attempts by the Central Board to disband Lake Villa Chapter. In July 2006 Vucicevic prepared a letter for Petrovic placing demand on the Central Board to call overdue annual meeting, three months late according to Bylaws, thus Central Board's authority had lapsed. In order to self perpetuate, the Central Board had made a slate of candidates, whereas some were not even members of the Serbian Brothers Help Inc, without presenting their credentials as required in the Bylaws to the local Chapters, as those have duty to inform members on any candidates so votes would be based on the past record of the candidates. Moreover Defendants did not permit members to nominate candidates from the

floor nor did they allow individual voting on each candidate but presented their slate for a single vote. Voting was not held based on the cumulative votes held by each member but on voice vote without taking in consideration proxy votes.

10. In the beginning of November 2006, the Central Board advertised on a public radio that a special meeting of members was called to change existing bylaws, contrary to procedural requirements on how to prepare and advise membership on proposed changes of the current bylaws. Petrovic heard that meeting was advertised on a Chicago radio station, but not announced by mail notice. Secretary of Lake Villa Chapter, Rade Stevanovic sent a draft of the proposed changes to Vucicevic and Petrovic asked legal opinion on the effects of the changes.

11. Vucicevic advised Petrovic that call for a special meeting two months after that Board as stacked by members in election contrary to Bylaws is egregious attempt by Defendants to usurp unlimited control of the corporation, which Defendants failed to accomplish at the annual meeting in September 2006 as Presidents of Lake Villa Chapter and Chicago Chapter were elected by to the Board and members supported present bylaws, where members must be timely informed of actions taken by the Central Board so that they could actively participate in the organization as required in the bylaws.

12. If enacted, draft of bylaws proposed by the Central Board would disenfranchise members of the Serbian Brothers Help Inc. Vucicevic advised that this matter should be decided by the informed membership. Since Central Board announced special meeting on the radio, Vucicevic suggested that Lake Villa Chapter makes arguments against proposed changes in the Bylaws on Serbian language radio broadcast on AM 750 in Chicago.

13. Petrovic asked Vucicevic to discuss the issue on the radio and explain danger for membership of loosing their right to vote if Central Board's draft of the bylaws is enacted due to poor turnout of members at the special meeting. Vucicevic made comments on the radio and

4

response of the members was to come to the meeting, including several octogenarians from Illinois and one from Washington D.C., who defied -10F and appeared on December 3, 2006 at 19697 W. Grand Avenue, Lindenhurst, Illinois to oppose Central Board's draft of the bylaws.

14. On December 3, 2006, forced by the sheer indignation of members present, Ignjatovic and Bobic announced that the meeting shall not be called to order, as Central Board does not have list of members who paid membership dues as their computer "froze". Vucicevic stood up and demanded that Local Chapters present members in good standing so that meeting could be constituted without approval of the Central Board. Ignjatovic, Bobic and other members of the Central Board shouted and physically prevented Vucicevic to get the microphone to speak to the members present at 19697 W. Grand Avenue, Lindenhurst, Illinois. In order to keep meeting peaceful Vucicevic and Petrovic decided to cease their attempts to advise members of the assembly present on their rights to call meeting to order, to demand full disclosure from the Board why did they attempt to cheat the members of their rights to vote.

15. Serbian Brothers Help, Inc, failed to have record of the membership at the outset of the assembly on December 3, 2006. Defendants declared that computer "froze" so that the verification Board's computer froze so that the meeting could not take place, all in attempt to preclude members to vote down proposed changes in the bylaws as it was obvious by the members present that displeasure with the Board's attempt to disenfranchise them was overwhelming.

16. This property has been home office and address for Central Board and Lake Villa Chapter from the time that Serbian Brother's Help Inc was chartered. This property is open to the public and frequented mostly by persons of Serbian ancestry who live in the United States or visit from abroad. Persons entering upon this property are not checked and asked for identity, national

origin or belonging to the membership of the organization. Membership in good standing was only checked at the time when the annual meetings are convened.

17.    On December 6, 2006, Plaintiff Rade Petrovic, as President of the Lake Villa Local Chapter of Serbian Brothers Help, Inc. after the entire Lake Villa Board approved initiation of the disciplinary action as stated in the Bylaws Article XIV, sent letters to certain members of Serbian Brothers Help, Inc. stating that the board of the Local Branch of Lake Villa had found reasonable grounds to bring disciplinary proceedings against those members, for calling the meeting in derogation of bylaws, for preparing draft of the bylaws without consultation with membership through Local Chapters and for preventing members to constitute special assembly meeting on  December 3, 2006. Those members included defendants Milorad Ignjatovic, John Stokovic, and Zoran J. Bobic. A copy of that letter is attached hereto as Exhibit A.

18. In retaliation of this action, Central Board of the Serbian Brothers Help, Inc., through the individual named defendants and other board of directors of Serbian Brothers Help, Inc, attempted to revoke the membership of plaintiffs Rade Petrovic end Dusan Vucicevic. As the reason for such action they stated that Dusan Vucicevic made derogatory statements about Serbian Brothers Help Inc. during his radio broadcasted commentary. Not a word of his opinion was cited nor sample of "derogatory" speech provided. The letter does not forbid Vucicevic and Petrovic to be physically present on the Serbian Brother's property.  A copy of that attempted revocation is attached hereto as Exhibit B.

19. Vucicevic responded with a letter to the Central Board stating that Bylaws article XIV was violated as it mandates notice and hearing but only by a Local Board, while the Central Board have appellate jurisdiction and not fact finding powers.

20. Vucicevic appeared on February 18, 2007 at Serbian Brothers property for a celebration that advertised by radio. While on the grounds he was greeted by Mr. Ignjatovic and no member of

6

the Central Board told him that he can not longer visit this premises. Vucicevic paid his annual dues that were deposited into Central Board's account.

21. According to the by-laws of Serbian Brothers Help, Inc., a board of directors is to be elected at the annual meeting to be held in the month of May each year. This board of directors is referred to as the "Central Board.", which elects the officers for the corporation, which include the chairman of the board (President), Vice-President, Secretary, end Treasurer.

22. Under the by-laws of Serbian Brothers Help, Inc., there are also local branches on' chapters throughout the country. These local branches or chapters hold meetings of members, end elect a local branch board.

23. Previously, a dispute arose between members of the Lake Villa Local Branch and the President and Central Board of Serbian Brothers Help, Inc. This resulted in litigation being riled as *Karajankovic, et al. v Alex Reljlc end Serbian Brothers Help, Inc.*, No. 02 CH 815.

24. Pursuant to that Settlement Agreement, in May, 2003, new revised by-laws of Serbian Brothers Help, Inc. were adopted, a true and correct copy of those current bylaws ere attached hereto as Exhibit C.

25. Under the current by-laws of Serbian Brothers Help, Inc., a member may be disciplined or excluded as provided for in Article 14 of those bylaws.

26. Under Article 14 of the by-laws of Serbian Brothers Help, Inc., a disciplinary matter may be brought upon written complaint received from any member of the organization. That written complaint is then sent to the board of the local branch of that member. Disciplinary proceedings are initiated when the board of the local branch finds reasonable grounds, after a majority vote.

27. If the charge is directed against a director or officer of the Central Board or in Board of a local branch, then a unanimous decision of the board of the local branch is required. The finding

of reasonable grounds shall temporarily suspend the functions of an elected officer and his/her case will be referred to a hearing.

28. This attempted revocation violates the by-laws of Serbian Brothers Help, Inc., in null and void in the following respects: There was no written complaint received. No disciplinary proceedings were initiated by the board of the local branch; Plaintiffs Rade Petrovic and Dusan Vucicevic are members of the Lake Villa Local Branch No disciplinary proceedings were initiated by the Lake Villa Local Branch. Any charge directed against Rude Petrovic was directed against an officer of the local branch board, and therefore required a unanimous decision. The vote of the board of directors of Serbian Brothers Help, Inc. was not unanimous. Plaintiffs Rade Petrovic and Dusan Vucicevic were not referred to a hearing committee, and had no chance to appeal this alleged decision. The Central Board of Serbian Brothers Help, Inc who sent the letter attached as Exhibit B, was without authority to take such disciplinary action.

29.    Since January 31, 2007, and up to the present time, the board members of the Central Board of Serbian Brothers Help Inc, including the individual defendants, have inconsistently continued to assert that plaintiffs Rade Petrovic and Dusan Vucicevic are no longer members of Serbian Brothers Help, Inc.

30. The defendants are attempting to prevent Rade Petrovic and Dusan Vucicevic from acting as a member of Serbian Brothers Help, Inc, and the Lake Villa Local Branch or Chapter.

31. Plaintiff Rade Petrovic and Dusan Vucicevic have been members of Serbian Brothers Help, Inc. and the Lake Villa Local Branch or Chapter in excess of 10 years.

32. Plaintiffs have met and continue to meet all of the requirements to be a member of Serbian Brothers Help, Inc. and the Lake Villa Local Branch.

33. The defendants have now taken steps to exclude plaintiffs Rade Petrovic and Dusan Vucicevic from the common property at 19697 W. Grand Avenue, Lindenhurst, Illinois 60046,

8

used by Lake Villa Chapter and Central Board since SBH Inc acquired this property in 1964. Central Board is seeking to prevent them from attending the meeting of the Annual Assembly of the Serbian Brothers Help Inc, which was scheduled by the Central Board for May 27, 2007. Yet again, Central Board failed to send notice by mail and chose to advertise on the radio, creating a possibility to disenfranchise members who are not radio listeners and those who would vote in favor of the Central Board's draft of the Bylaws were to be invited by telephone calls.

34. A meeting was called by President Rade Petrovic and convened by the Lake Villa local chapter at the assembly hall located at home office on April 15, 2007 to discuss matters of failed notice of the annual meeting for the Central Board and new attempts to pass draft of the bylaws that was not presented on a special meeting on December 3, 2006.

35. Letters of "membership revocation" directed to Rade Petrovic and Dusan Vucicevic were discussed at that meeting by counsel Vucicevic who advised present members that Central Board has again violated bylaws. "Runaway board" is contemptuous of their duty to act according to bylaws. Vucicevic suggested that annual meeting of the Lake Villa members be called for May 36, 2007 so that the membership would decide if this matter should be taken to court prior to the annual meeting as Rade Petrovic is a member of the Central Board and would have to lead members of the Lake Villa Chapter at the annual meeting. Vucicevic said that he as the member will be present to explain in detail attempts of the Central Board to disenfranchise members. These words of suggesting legal action to solve dispute between the Central Board and Lake Villa Chapter made Stokovic furious who instantly demanded of Vucicevic to leave premises.

37. Rade Petrovic is the President of the Lake Villa Local Chapter of Serbian Brothers Help, Inc. who under the by-laws, his duty to call meetings of the Lake Villa Local Chapter.

38. For at least 30 years, the meetings of the Lake Villa Local Chapter have been held at the Serbian Brothers Inc, property located at 19697 W. Grand Avenue, Lindenhurst, Illinois

39. A meeting was held of the Lake Villa local chapter at the assembly hall located at 19697 W. Grand Avenue, Lindenhurst, Illinois on April 15, 2007.

40. Plaintiff Dusan Vucicevic was invited to attend did attend the meeting of April 15, 2007.

41. Defendant John Stokovic is a member of the Lake Villa chapter and attended the meeting on April 15, 2007.

42. During this meeting, Mr., Stokovic showed members of the Lake Villa chapter the letter of January 31, 2007, attached hereto as Exhibit B, which purports to terminate the membership of Rude Petrovic and Dusan Vucicevic.

43. Rade Petrovic and Dusan Vucicevic disputed legal authority or the Central Board to revoke their membership in violation of bylaws and refused to leave the assembly hall on the common property of the Serbian Brothers Help Inc.

## PLAINTIFF'S RIGHTS UNDER U.S CONSTITUTION AMENDMENT I VIOLATED BY SHERIFF'S STATUTE ENFORCEMENT

44. On April 15, 2007 Sheriff of Lake County by enforcement of trespass statute upon a peaceful meeting of members at the Serbian Brothers Help Inc., violated Vucicevic's First Amendment right of free speech but also violated free speech rights of all members present at the meeting, which deputy sheriff disbanded. President Rade Petrovic and members of the Lake Villa present on the meeting on April 15, 2007 were: Boro Nedinic, Nevenka Dobritchanin, Panta Veljasevic, Toza Nikolic, Djordje Trusnik, Dragan Selakovic, Zoran Jovanovic, Zoran Pesakovic, Dragica Velisavljevic and Dr. Vucicevic. Plaintiff Rade Petrovic convened meeting of the chapter to decide if they have to petition the government i.e. to bring legal action against Central Board's to prohibit interference with attendance of counsel Vucicevic and Rade Petrovic at the forthcoming regular annual meeting.

45. Mr. Stokovic who was briefly present at the meeting as a member of Lake Villa, whose function as Vice President of Central Board was suspended by disciplinary action taken by the Lake Villa Board, angrily stated to counsel Vucicevic that he had sued the Central Board in the past so he will do it again. He demanded of counsel Dusan Vucicevic, to leave immediately Lake Villa home office located at 19697 W. Grand Avenue, Lindenhurst, Illinois. Stokovic announced that he is going to call Lake County Sheriff to expel Vucicevic because he sued Serbian Brothers Help in the past.

46. Vucicevic responded that Stokovic and Central Board acted against bylaws to him as a member but also that Vucicevic is here as an attorney for Lake Villa Chapter. Vucicevic informed Stokovic that it is province of the courts to review propriety of lawsuits. Stokovic did not ask Rade Petrovic to leave, when Petrovic indeed received the same letter as Vucicevic. Letter directed from the Board to Petrovic and Vucicevic did not state that they can not be present at 19697 W. Grand Avenue, Lindenhurst, Illinois

47. Stokovic called a Lake County sheriff's deputy who is usually moonlighting at SBH Inc property, who came and ordered Vucicevic to leave premises. Vucicevic responded that he is a member attending a peaceful meeting of Local Chapter Lake Villa. Stokovic, who came back with deputy, stated that Lake Villa Chapter does not exist. Vucicevic showed sheriff's deputy ARDC card, stating that he is counseling Mr. Rade Petrovic. Deputy refused to answer Vucicevic questions why he was forcing him to leave. Officer asked Vucicevic "to step outside" and deputy shall inform him there. Vucicevic agreed but he asked that Mr. Petrovic and Mr. Nedinic step outside and be witnesses to any conversation between deputy and attorney Vucicevic. Deputy answered that he will have not have witness of his talk with Vucicevic. Vucicevic stated that he will not leave meeting in progress where he is counseling clients whether to petition court for preservation of their rights unless officer states what is basis for his

action. Had officer informed him that he is going to charge counsel with trespass, counsel would have advised him that it would violate First Amendment of the U.S. Constitution as officer on behalf of the state is enforcing ban due to Vucicevic's speech on the radio.

48. Lawless conduct of the officer, who on information and belief had prior business dealings with Mr. Stokovic, gave reason to Vucicevic to believe that deputy sheriff was going to physically assault attorney who dared to ask him legal questions. Deputy was relying on sheer force and not on investigation of facts and welcomed an opportunity that he could inflict bodily harm on a member of the Bar practicing his profession at a peaceful meeting with his clients.

49. Deputy announced that Dr. Vucicevic is arrested what shocked all members present. After being handcuffed Dr. Vucicevic, invited several members present at the meeting to escort him and deputy to the sheriff's vehicle, so deputy would not physically abuse him outside. Deputy took Vucicevic outside and chained him to the sheriff's vehicle, while deputy stepped aside and had long conversation with Stokovic. After that conversation Stokovic came to Dr Vucicevic and ask him to promise that he will never return to Serbian Brothers Help and Mr. Stokovic will "drop the charges" and this deputy will set him free. Vucicevic replied that only a Court of Law could set him free and not Stokovic and his deputy friend. Only than deputy announced that counsel is arrested for trespass as Mr. Stokovic pressed charges of trespass. President Rade Petrovic and members of the Lake Villa present on the meeting on April 15, 2007 were: Boro Nedinic, Nevenka Dobritchanin, Panta Veljasevic, Toza Nikolic, Djordje Trusnik, Dragan Selakovic, Zoran Jovanovic, Zoran Pesakovic, Dragica Velisavljevic and Dr. Vucicevic.

50 They all agreed that meting of local chapter is necessary to decide if a legal action should be taken to prevent Central Board's attempt prohibit attendance of counsel Vucicevic and Rade Petrovic, to explain them on matters of ongoing violation of the bylaws and disciplinary attempts by the Lake Villa Chapter and grounds therefore.

51. Mr. Stokovic who was present at the meeting as a member of Lake Villa, but whose function as Vice President of Central Board was suspended by disciplinary action taken by the Lake Villa Board, angrily stated to counsel Vucicevic that he has sued the Central Board in the past and he will do it again. Therefore he demanded of counsel Dusan Vucicevic, to leave immediately Lake Villa home office located at 19697 W. Grand Avenue, Lindenhurst, Illinois. Stokovic was furious and threatened that he is going to call Lake County Sheriff to expel Vucicevic because he sued Serbian Brothers Help in the past!  Vucicevic responded that Stokovic and Central Board acted against bylaws to him as a member but that Vucicevic is here as an attorney as well. Vucicevic informed Stokovic that it is province of the presiding judge to review propriety of lawsuits and not something that is his expertise. Stokovic did not ask Rade Petrovic to leave, when Petrovic indeed received the same letter as Vucicevic. Letter directed from the Board to Petrovic and Vucicevic did not state that they can not be present at 19697 W. Grand Avenue, Lindenhurst, Illinois, but that their membership is suspended.

52. Stokovic called a Lake County sheriff's deputy who is usually moonlighting at SBH Inc property who came in and ordered Vucicevic to leave premises. Vucicevic responded that he is a member of this organization and that he is attending a peaceful meeting of Local Chapter Lake Villa. Vucicevic also stated that he is an attorney, provided officer his ARDC card, stating that he is counseling Mr. Rade Petrovic. Deputy refused to answer Vucicevic questions why he has to leave. Officer asked Vucicevic "step outside" and deputy shall inform him there. Vucicevic agreed but he asked that Mr. Petrovic and Mr. Nedinic step outside and be witnesses to any conversation between deputy and attorney Vucicevic. Deputy answered that he will have not have witness of his talk with Vucicevic.  Vucicevic stated that he will not leave meeting in progress where he is counseling clients whether to petition court for preservation of their rights unless officer states what is basis for his action. Had officer informed him that he is going to

13

charge counsel with trespass, counsel would have advised him that it would violate First

Amendment of the U.S. Constitution as agent of the state enforcing ban on membership Central

Board due to Vucicevic speech on radio and for providing legal advice to Lake Villa Chapter.

53. Deputy announced that Dr. Vucicevic is arrested what shocked all present, what interrupted

the peaceful meeting, as most members followed deputy and Dr. Vucicevic outside who deputy

was pushing in front already handcuffed, just as Dr Vucicevic requested earlier. Deputy took

Vucicevic outside and chained him to the sheriff's vehicle, while deputy stepped aside and had

long conversation with Stokovic. After that conversation Stokovic came to Dr. Vucicevic, still

chained to the vehicle, demanding of him in derogatory manner and language to promise that he

will never return to Serbian Brothers Help and Mr. Stokovic will "drop the charges" and this

deputy will set him free. Vucicevic replied that only a Court of law could set him free and not

Stokovic and his deputy friend. Stokovic returned and had long conversation with deputy and

thereafter deputy announced that counsel is arrested for trespass as Mr. Stokovic has pressed

charges of trespass.

54. Lake County sheriff failed to consider that meeting was peaceful, that letter sent to Vucicevic

and Petrovic did not preclude their presence on the premises and did take into consideration

statements of members present that Stokovic authority to act was suspended but he was only

acting with malice to Vucicevic since he clearly stated that the demand for his removal from

premises is just because he is an attorney.

55. Defendant Stokovic come to the meeting of the Lake Villa Chapter on April 15, 2007 stating

that Central Board voted to revoke membership of Dusan Vucicevic and Rade Petrovic. Stokovic

asked only attorney Vucicevic to leave premises which are home office to Lake Villa Chapter

aka as 19697 W. Grand Avenue, Lindenhurst, Illinois. Stokovic specifically stated that Vucicevic

had sued Central Board and will sue again. Letter of the Central Board did not have language

barring Dr Vucicevic presence on the premises.  Stokovic did not ask Rade Petrovic to leave.
Stokovic did not ask deputy to arrest Mr. Petrovic for trespass, even though Petrovic asked
deputy why he is not arrested as the same letter is sent to Dr Vucicevic and Petrovic.

56. Vucicevic explanation to Stokovic were that his legal actions are reviewed by the courts in a
given lawsuit and that Mr. Stokovic is no authority on judicial functions, did not dissuade
Stokovic to call Lake County sheriff's deputy and cause Vucicevic to be arrested.
Stokovic singled out an attorney, member of the organization, to interfere with speech rights of
Vucicevic, Rade Petrovic to hear counsel invited to the home office of his Lake Villa Chapter, all
planned to intimidate opposition to Stokovic plan to assume control of $6,000.000 property of
this members-governed charitable corporation and likely continue financial abuse, which betrays
public trust and caused public concern or members and Serbian public in Chicago Metropolitan
area that is source of charitable contribution for SBH Inc.

57. Vucicevic's motion to dismiss trespass charges against him was granted on August 15, 2007
by Judge Charles Johnson of Lake County, that judge found to be miscarriage of justice, over
objection of Lake County State's attorney. Transcript of the hearing is attached hereto.

58. On October 3, 2007 Dr. Vucicevic received written invitation, signed by Zoran Bobic
secretary of the Central Board to attend special meeting of members scheduled for November 3,
2007, where again changes in bylaws were to be considered. Proposed changes would grant
power to discipline and terminate membership and elected Board Members and officers in the
simple majority vote of the Board.

59. On October 28 Vucicevic called chief deputy of Lake County Mr. Thomas Braze and
informed him of ruling by Judge Johnson and expressed desire that sheriff of Lake County refuse
to carry out illegal requests for enforcement of trespass against him. Mr. Braze suggested that for

any arrest deputy state attorney shall be consulted. Vucicevic offered to send invitation which vacates any trespass allegation but chief sheriff deputy did not want to consider it.

60. On October 31, 2007 at 20:00 Rade Petrovic attended meeting of Central Board and tendered membership dues of Lake Villa Chapter, where it was decided that sheriff's office will not be called to arrest Vucicevic.

61. On November 1, 2007 at 11:00 am Petrovic received a call from Stokovic who said that he will call sheriff and that sheriff shall arrest Vucicevic if she shows up at the meeting.

## COUNT I
## INJUNCTIVE RELIEF AGAINST SHERIF OF LAKE COUNTY ILLINOIS

Plaintiff's pray for TRO and Injective relief to be issued against Lake County Sheriff prohibiting him to enforce Illinois trespassing statue against the plaintiffs Dusan Vucicevic and Rade Petrovic on premises known as 19697 W. Grand Avenue, Lindenhurst, Illinois during the hours from 12: 00 noon to 5 pm on November 3rd, 2007 tendency of this action.

62. The Central Board is attempting to pass significant and revised revisions to the by-laws. A copy of those proposed revisions are attached hereto as Exhibit D.

63. The past actions of the defendants have been taken to deprive the plaintiffs of voicing their objections to these revised by-laws, in violation of their constitutional right of assembly end free speech. Announced future actions are of identical nature as the past and are subject to injunctive relief orders of Sheriff of Lake County in his official capacity.

64. Plaintiffs have no adequate remedy at law.

Barring presence of attorney Vucicevic by Sheriff's enforcement of trespass statute on malicious and wrongful information by John Stokovic would deprive all members of Lake Villa of sound interpretation of proposed bylaws, when finial draft thereof has not been published at of the time of filing of this action.

Charitable corporate governance that are of public concern are properly decided by the meeting of fully informed members unimpeded by sheriff or Lake County infringement on the First Amendment of Plaintiffs and members who they represent.

*'The very purpose of the First Amendment is to foreclose public authority from assuming a guardianship of the public mind . . . . In this field every person must be his own watchman for truth, because the forefathers did not trust any government to separate the true from the false for us.' Thomas v. Collins, [323 U.S. 516, 545 (1945)] (Jackson, J., concurring)." Id., at 1455.*

Failure of this court to act in such a manner and to protect constitutional right of the plaintiffs is foreclosed by line of cases as cited above. Emergency nature of this TRO is critical as defendant Stokovic has only on the date of filing or this action threatened to seek arrest of Vucicevic if he shows up for the meeting despite invitation that he received.

For such other injunctive relief and other relief that justice and equity may require.

This Court set a date for hearing on a preliminary/ permanent injunction.

Respectfully submitted,

Dusan Vucicevic Attorney for Plaintiffs

Dusan Vucicevic MD JD
6856 Fieldstone Drive
Burr Ridge, Illinois 60527
630 325 8455
ARDC#: 6200522

## VERIFICATION

I, Dusan Vucicevic under penalties as provided by law, here by swear on oath that the statements set forth in the foregoing Complaint for Declaratory Judgment and Injunctive Relief are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certify as aforesaid that he verily believes the same to be true.

_____
Dusan Vucicevic

_____
Notary Public

Subscribed and sworn to before me on this November 1, 2007    SEAL

17



**Serbian Brothers Help**
*Charitable Organization Since 1950*

*Official Headquarters*
*P. O. Box 6008*
*19697 West Grand Avenue*
*Lindenhurst, Illinois 60046*

*Tel.: 847 356 1809*

**President**
Milorad Ignjatović

**Vice-President**
Siniša Marinković

**2nd Vice-President**
Vlastimir Denić

**Secretary General**
Zoran J. Bobić

**Treasurer**
John Stokovich

**Financial Secretary**
Milorad Antonijević

**Fund Raiser/AID Coordinator**
Dragan Stevanović

**Local Chapter Chicago**
Miodrag Stanojević

**Local Chapter Lake Villa**

**Northern Illinois Chapter**

**Southern California Chapter**
Daniel Christy

**Property Managers**
Slobodan Jevremović
Zoran Jocović



### *From the Office of Secretary General*

### *Канцеларија Генералног Секретара*

Vucicevic MD. Dusan
6856 Fieldstone Dr.
Burr Ridge IL 60527

**Драга браћо и сестре,**

Ванредна Дкупштина Српске Братске помоћи одржаће се Новембра 3-ег. 2007 године, са почетком у 1 сат после подне.

На дневном реду је гласање за нова првила Српске Братске Помоћи.

Услед недостатка адреса ми вам се обраћамо путем штампе и радија и замољавамо све пуноправне чланове ове организације да присуствују овој важној Ванредној Скупштини и да измире своју чланарину по постојећим правилима.

Чланарина је $50.00 а пензионери који желе да гласају, чланарина је $25.00. Чланарина мора бити плаћена (измирена) за две задње године чланства.

Нова Правила на Српском и енглеском можете добити у месном Одбору Српске Братске Помоћи или на имању Српске Братске Помоћи, Лејк Вила.

Сви који желе да добију пуномоћје, могу исте добити на имању Српске Братске Помоћи.

Сва Пуномоћја морају имати званичан водени жиг Српске Братске Помоћи и бити оверена код Јавног Бележника.

У име Управног Одбора,

Зоран Ј. Бобић
Генерални Секретар

1

STATE OF ILLINOIS )
                 ) SS.
COUNTY OF L A K E )


       IN THE CIRCUIT COURT OF THE 19TH JUDICIAL CIRCUIT
                    LAKE COUNTY, ILLINOIS



THE PEOPLE OF THE STATE OF ILLINOIS, )
                     Plaintiff,      )
                                     )
                                     ) GEN. NO. 07 CM 2312
             v.                      )
                                     )
DUSAN VUCICEVIC,                     )
                     Defendant.      )

                 REPORT OF PROCEEDINGS had at the hearing of
the above-entitled cause, before the HONORABLE CHARLES D.
JOHNSON, Judge of said court, on the 15th day of August,
A.D. 2007.


          APPEARANCES:

               MR. MARC BANGSER,
               ASSISTANT STATE'S ATTORNEY,
                    on behalf of the People of the State of
                    Illinois;

               MR. DUSAN VUCICEVIC,
                    appearing pro se.








GIOVANNA PERRI MEIER, CSR, RPR
OFFICIAL COURT REPORTER
18 N. County Street
Waukegan, IL 60085
LICENSE NO. 084-001353

1

THE COURT:  People of the State of Illinois versus Dusan Vucicevic -- I'm sorry, say it for me.

MR. VUCICEVIC:  Vucicevic.

THE COURT:  Vucicevic, V-U-C-I-C-E-V-I-C.  First name is D-U-S-A-N.

That's 07 CM 2312.

The Defendant is present in his own proper person, not in custody, representing himself.

And the State is present by Marc Bagnser.

The matter comes before the Court for hearing on a previously filed Motion to Dismiss.

And Mr. -- I will just call you Counsel, is that okay?

MR. VUCICEVIC:  That's fine.

THE COURT:  I apologize for my bad pronounciation, but I don't want to disrespect you by mispronouncing your name.

MR. VUCICEVIC:  Yes.

THE COURT:  I have read your Motion to Dismiss.

I have looked through the case law that you have filed previously.

And with all due respect, I don't know that it's necessary to have a great deal more argument before the Court at this time.

2

1    I have a pretty good idea of where you're coming

2  from.

3    State, what do you have to say?

4    MR. BANGSER:  Just a brief response, Judge.

5    With respect to the motion -- right now, all this

6  is is a criminal trespass case.

7    And with respect to the criminal trespass, it's

8  furnished to Defense, as Defense counsel and Defendant,

9  being the same person, that Defendant was sent a letter by

10  the complainant to not come back to the property.

11    And he returned and he was found by the police.

12    And if there is a clearer case of a criminal

13  trespass, I haven't seen it.

14    There is more than enough facts to sustain the

15  charge here.

16    And we'd ask you to dismiss the Defendant's

17  Motion to Dismiss -- deny the Defendant's Motion to

18  Dismiss.

19    You know, I applaud the Defendant for putting

20  together a lengthy motion, for doing the case research and

21  everything, but, quite frankly, the arguments are

22  irrelevant as to the charge of criminal trespass.

23    THE COURT:  Well, I think the one factor that

24  perhaps is being overlooked by the State is whether or not

3

1    the person that allegedly sent this letter in fact had

2    authority to do so.

3           It's one thing to say, "Hey, Mr. Bangser, I don't

4    want you going to the Burger King over on Grand Avenue",

5    but I don't have -- but, I mean, as a Judge, I probably

6    do, but if it was me in my own person, telling you that

7    you can't go there anymore, I don't have any authority to

8    tell you whether or not you can do that.

9           And it seems to me, based on the information that

10   Mr. Vucicevic --

11          MR. VUCICEVIC:  Yes, sir.

12          THE COURT:  -- has provided, that that seems to

13   be the situation.

14          This other fellow, whose name escapes me, who

15   allegedly told him not to be on this particular

16   property -- first of all, let me back up for just a

17   second.

18          The whole thing seems to be an abuse of the legal

19   process from the get-go, I should say.

20          And it appears to be an internal matter for the

21   Serbian organization to consider on its own without

22   engaging the services of the Lake County Sheriff.

23          If there is a political issue there, argue about

24   politics.

4

1    There is thousands of years of history of arguing

2    about politics in the Serbian history.

3    That being said, I don't find based on the

4    information before me that the case does state a cause of

5    action.

6    MR. BANGSER:  Judge, if I may, and because --

7    unless I missed it somewhere.

8    MR. VUCICEVIC:  Your Honor, if I make a

9    statement.

10   THE COURT:  No, you may not.

11   MR. BANGSER:  Unless I missed it somewhere in the

12   motion, and I may have, I did not see any specific

13   document or line that said that Mr. Stokovich -- I hope

14   I'm pronouncing his name correctly -- S-T-O-K-O-V-I-C-H --

15   does not have authority to send a letter to the

16   Defendant/Defense Counsel to not appear on the property.

17   And that would seem to be sort of the crux of the

18   argument, is that -- and it says, Board members do not

19   have authority to send those letters out, then, I would

20   completely agree with the Court that there is no way that

21   this charge can be sustained.

22   But unless there is something that points to

23   that, that says the Board members don't have that

24   authority, then there is more than enough evidence to go

1    forward with this case.

2         THE COURT:  Counsel.

3         MR. VUCICEVIC:  Two points.

4         Authority of Mr. Stokovich to act as elected

5    officer is suspended based on the letter that has been

6    marked in Exhibit F to this -- to the motion.

7         THE COURT:  Exhibit F.

8         MR. VUCICEVIC:  Because Mr. Stokovich on the

9    meeting that was held in November at the Lake Villa

10   Chapter -- Serbian Brothers is being consisting of mainly

11   of two chapters -- and Central Board is just the managing

12   organization.

13        It doesn't do anything with discipline or

14   expelling the members.

15        It is prohibited to do it so under the bylaws.

16        Mr. Stokovich is a Treasurer for three years who

17   hasn't been -- a Treasurer's report --

18        THE COURT:  I don't want to get into all of that.

19        MR. VUCICEVIC:  And based on this, there was a

20   disciplinary proceedings.

21        As soon as the disciplinary proceedings were

22   properly -- was vested to act has been suspended.

23        THE COURT:  That's where I found it.

24        MR. VUCICEVIC:  That's where you found it.

1        THE COURT:  I was unable to put my finger on it

2    as we were speaking.

3        MR. VUCICEVIC:  Secondly, the letter that was

4    sent to me and Mr. Stokovich, who's a member of the

5    Central Board and also President of the Lake Villa

6    Chapter, does not indicate that we cannot be personally

7    present.

8        It just is -- it just indicates, in general

9    terms, that our membership has been revoked without

10   stating any cause, without having been given disciplinary

11   hearing, notice, a right to appeal, nothing.

12       In all of those provisions, clearly stated,

13   Article 14 of the bylaws, they don't belong to the Central

14   Board.

15       It's been abused, your Honor.

16       THE COURT:  For all these reasons, the person

17   sending the notice didn't have the authority to do so.

18       The letter in question did not explicitly say

19   that he was not to be present.

20       And that, quite frankly, I find it to be close to

21   a miscarriage of justice, if not actually a miscarriage of

22   justice, to proceed with criminal prosecution of internal

23   political issues in a fraternal organization.

24       I grant the Defendant's Motion to Dismiss.

1          MR. BANGSER:  Well, Judge, we will nolle the case

2     at this time.

3          THE COURT:  Okay.

4          Sir, your case is over.  You're free to go.

5          MR. VUCICEVIC:   Thank you.

6          Your Honor, that means that we can go to the

7     property without being arrested?

8          THE COURT:  That's up to them.

9          MR. VUCICEVIC:  Thank you.

10         THE COURT:  All I know is you're no longer

11    charged with this criminal offense.

12         MR. VUCICEVIC:  Thank you, your Honor.

13              (Which were all of the proceedings had in

14               the above-entitled cause on said date and

15               time.)

16

17

18

19

20

21

22

23

24

8

1    STATE OF ILLINOIS )
                       ) SS.
2    COUNTY OF L A K E )

3

4        I, GIOVANNA PERRI MEIER, Official Court Reporter

5    for the 19th Judicial Circuit, Lake County, Illinois, do

6    hereby certify that I reported in shorthand as such

7    official court reporter the foregoing proceedings had

8    before the Honorable CHARLES D. JOHNSON, Judge of said

9    Court in the above-entitled cause on the 15th day of

10   August, 2007, and thereafter caused to be transcribed into

11   typewriting the foregoing transcript which I hereby

12   certify is a true and correct transcription of my

13   shorthand notes so taken of the evidence offered and

14   received on said date before said judge.

15

16

17                              _____

18                                    Court Reporter

19

20

21

22

23

24

9